UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

FLORENCE WILSON NZONGOLA,

   Plaintiff,

v.              Civil Action No. 09-2220 (RJL)

MICHAEL J. ASTRUE, Commissioner,
United States Social Security Administration,

   Defendant.

---

## MEMORANDUM OPINION
(May 31, 2012) [Dkt. #12]

This matter is before the Court on defendant's motion to dismiss [Dkt. #12] and plaintiff's opposition thereto [Dkt. #15]. For the reasons stated below, the defendant's motion to dismiss is GRANTED.

### I. BACKGROUND

*A. Plaintiff's Allegations*

Plaintiff filed a claim with the United States Social Security Administration ("SSA") for Supplemental Security Income ("SSI") benefits in October 1998, and her application initially was denied. Compl. [Dkt. #1] at 1 (page numbers designated by plaintiff). An Administrative Law Judge ("ALJ") issued a partially favorable decision, *id.* at 1-2, and imposed two conditions to which plaintiff objected:

> 1. She be penalize[d] (3) years of the back pay payments.
>
> 2. She be [e]valuated . . . [b]efore payment commence[d] to see [whether] a [r]epresentative payee was warranted to help her manage her SSI [b]enefits.

*Id.* at 2-3. The SSA Commissioner since has done away with the representative payee, but "still refuses too [sic] set aside #1 herein and award damages," *id.* at 3, such that "plaintiff comes up short $14,000 in SSI . . . back payments," *id.* at 3-4. "These (3) three years (back pay) is still a [sic] issue," *id.* at 4, and plaintiff brings this action against the SSA to recover these lost benefits, *see id.* at 7-8, covering the period from November 1998 through April 2001, *id.* at 9. Plaintiff also demands "[d]amages in the amount of (7) seven million [d]ollars." *Id.*

### B. Defendant's Representations

Plaintiff filed an application for SSI benefits on December 23, 1998, Declaration of Earnest Baskerville ("Baskerville Decl."), Attach. to Mem. in Supp. of Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Def.'s Mem."), [Dkt. #12-2] ¶ (3)(a), and claimed to have "severe, disabling right shoulder pain and swelling and right ankle pain and swelling beginning July 28, 1997," ALJ Decision, Ex. 1 to Baskerville Decl., at 1.[1] On September 17, 2002, an ALJ determined:

---

[1] Plaintiff's claim initially was denied on February 10, 1999, and she requested reconsideration which was denied on November 18, 1999. ALJ Decision, Ex. 1 to Baskerville Decl., Sept. 17, 2002, at 1. Plaintiff timely requested a hearing which took place on January 14, 2002, at which time plaintiff represented herself. *Id.* At plaintiff's request, the decision was made based "entirely on . . . her physical impairments, without consideration of any possible mental health problems." *Id.*

2

> [B]ased on the application filed on December 23, 1998, [plaintiff] is "disabled" under Section 1614(a)(3)(A) of the Social Security Act, beginning March 23, 2001, but not before, and that [her] "disability" has continued at least through the date of this decision.
>
> The component of the Social Security Administration responsible for authorizing [SSI] payments will advise [plaintiff] regarding the non-disability requirements for these payments, and if eligible, the amount and the months for which payment will be made.
>
> Because there is evidence that [plaintiff] may have difficulty in managing her benefits and adhering to proper medical care, the [ALJ] recommends that the component responsible for effectuating this decision determine whether the appointment of a representative payee is warranted.

*Id.*, at 5.[2]

Plaintiff sought both administrative review of the decision by the Appeals Council, Baskerville Decl. ¶ (3)(b); *see* Request for Review of Hearing Decision/Order, Ex. 2 to Baskerville Decl., and judicial review in this Court,[3] Baskerville Decl. ¶ (3)(c); *see Nzongola v. U.S. Soc. Sec. Admin.*, No. 03-1855, slip op. at 1-2 (D.D.C. Sept. 23, 2004). "At the Appeals Council's request, the court remanded the case . . . for further administrative proceedings." Baskerville Decl. ¶ (3)(d); *see* D.D.C. Order & Mem. Op., Ex. 4 to Baskerville Decl., at 1. Unaware that plaintiff appealed this Court's decision to

---

[2] An ALJ "hold[s] hearings on claims arising under Title II and Title XVI of the Social Security Act, as amended, when such hearing[s are] duly requested by a claimant who is dissatisfied with the administrative determination of . . . her claim." Baskerville Decl. ¶ (1).

[3] The Appeals Council "act[s] on requests for review of hearing decisions made by [ALJs] and . . . either grant[s], den[ies], or dismiss[es] any such request." Baskerville Decl. ¶ (2).

the United States Court of Appeals for the District of Columbia Circuit, "the Appeals Council remanded the case to an [ALJ]." Baskerville Decl. ¶ (3)(e); *see* Order of Appeals Council Remanding Case to ALJ, Ex. 5 to Baskerville Decl., at 1.[4] A hearing before the ALJ was set for April 6, 2006. Baskerville Decl. ¶ (3)(f); *see* Notice of Hearing, Ex. 6 to Baskerville Decl., at 1. Plaintiff did not appear, and the ALJ issued a notice to show cause and explain her absence. Baskerville Decl. ¶ (3)(f); *see* Notice to Show Cause for Failure to Appear, Ex. 7 to Baskerville Decl., at 1. "The Notice to Show Cause was returned unclaimed by the U.S. Postal Service; therefore, on May 24, 2006, the [ALJ] issued a Notice of Dismissal." Baskerville Decl. ¶ (3)(f); *see* Order of Dismissal, Ex. 8 to Baskerville Decl., at 1-2. Plaintiff appealed the dismissal to the Appeals Council, Baskerville Decl. ¶ (3)(g), but "[b]ased on the date of the [ALJ]'s dismissal, it [did] not appear that [she] acted timely" in filing her appeal, Letter from Office of Disability Adjudication and Review, Ex. 10 to Baskerville Decl., at 1.[5] When the SSA did not receive a timely response from plaintiff, the ALJ's decision became the final decision of the SSA Commissioner. Baskerville Decl. ¶ (3)(g); *see* Letter from Office of Disability Adjudication and Review, Ex. 11 to Baskerville Decl., at 1.

Meanwhile, plaintiff filed this civil action on November 23, 2009. Only while preparing a response to plaintiff's complaint did the Appeals Council learn of the appeal of this Court's remand order to the D.C. Circuit. Baskerville Decl. ¶ (3)(i). Upon the

---

[4] The Appeals Council did not have jurisdiction over this matter while the appeal was pending before the D.C. Circuit. *See* Baskerville Decl. ¶ (3)(j).

[5] The Office of Disability Adjudication and Review "administers the nationwide hearings and appeals program for the Social Security Administration." Baskerville Decl. ¶ (1).

D.C. Circuit's "[m]andate granting . . . summary affirmance of the district court's remand order," *id.*, on April 23, 2010, the Appeals Council issued an order vacating its August 26, 2005 remand order and May 24, 2006 dismissal, and remanded the matter to an ALJ for further administrative action, *id.* ¶ (3)(k); *see* Notice of Order of Appeals Council Remanding Case to ALJ, Ex. 12 to Baskerville Decl., Apr. 23, 2010, at 1.[6] Defendant now moves to dismiss the complaint for failure to state a claim upon which relief can be granted.

## II. DISCUSSION

When evaluating a motion to dismiss under Rule 12(b)(6), the court "must construe the complaint in a light most favorable to the plaintiff" but "is limited to considering the facts alleged in the complaint." *Schmidt v. Shah*, 696 F. Supp. 2d 44, 57-58 (D.D.C. 2010). Importantly, "where, as here, the action is brought by a *pro se* plaintiff, the Court must take particular care to construe the plaintiff's filings liberally." *Id.* at 58 (citation omitted). However, despite this liberal construction, the plaintiff is still required to provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 57, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendant moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def.'s Mem. at 4-6. Plaintiff demands back pay and

---

[6] As of April 26, 2010, the date of defendant's supporting declaration, SSA's Hearing Office was to assign the case to an ALJ, and plaintiff was to be informed of the time and place of the new hearing. *See* Baskerville Decl. ¶ (3)(k). Whether or when these events occurred is not stated in this record.

damages, *see* Compl. at 7-9, even though the actual defendant, the United States, is immune from a suit for damages, *see* Def.'s Mem. at 5. Furthermore, defendant argues, the statute under which plaintiff proceeds, 42 U.S.C. § 405(g), "contains no provisions for the payment of back pay or damages in civil actions." Def.'s Mem. at 6. The Court has reviewed plaintiff's opposition carefully, and aside from a renewed demand, *see* Mot. in Opp'n of Def.'s Mot. to Dismiss [Dkt. #15] at 12 (page number designated by plaintiff), she offers no argument or legal authority to support her claims for monetary relief.

Plaintiff does not appear to challenge the amount of her benefits; instead, she claims an entitlement to benefits as of the date she filed her application for SSI benefits. *See* Compl. at 11. However, plaintiff has been deemed disabled as of March 23, 2001, not before, *see* ALJ Decision, Ex. 1 to Baskerville Decl., at 1, and nothing in the record of this case supports the conclusion that plaintiff is entitled to any additional benefits or to benefits covering any time period prior to March 23, 2001. Additionally, "42 U.S.C. [§] 405(g) is only jurisdictional in nature and does not waive sovereign immunity or confer a substantive right." *De Lao v. Califano*, 560 F.2d 1384, 1390 (9th Cir. 1977) (citation omitted). Nor does the statute "authorize money damages as a remedy for wrongful denial of disability benefits." *Petzold v. Astrue*, No. CIV-07-0325, 2008 WL 542958, at *6 n.15 (W.D. Okla. Feb. 25, 2008) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988)).

Furthermore, the complaint is subject to dismissal for lack of subject matter jurisdiction. "An action brought against a federal agency, such as the SSA, is effectively

one brought against the United States." *Kenney v. Barnhart*, No. SACV 05-426, 2006 WL 2092607, at *5 (C.D. Cal. July 26, 2006) (citation omitted). The United States is immune from suit without its prior consent, unless it expressly has waived immunity and consents to be sued. *See, e.g., United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The SSA enjoys the same sovereign immunity as the United States, and, therefore, "the SSA cannot be sued absent an express waiver of that immunity." *Kenney*, 2006 WL 2092607, at *5 (citation omitted). Where, as here, the statute under which plaintiff proceeds "creates a right and provides a specific remedy, that remedy is exclusive." *Lloyd v. Shalala*, No. 92 Civ. 9454, 1993 WL 299291, at *1 (S.D.N.Y. Aug. 4, 1993) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 18 (1974) (other citation omitted)). Under § 405(g), then, plaintiff is entitled "to have the decision of the Secretary reviewed by a federal district court, and thus such remedy is exclusive and bars a claim for damages from that decision." *Lloyd*, 1993 WL 299291, at *1 (dismissing suit brought by plaintiff seeking nullification of SSA determination that he was mentally disabled and monetary damages); *see Robinson v. Sec'y of Health & Human Servs.*, No. 89-1199, 1989 WL 109432, at *1 (6th Cir. Sept. 22, 1989) (affirming dismissal of claim for compensatory and punitive damages for deprivations allegedly suffered after Social Security benefits were wrongfully terminated because the claim "was not a review of an agency decision, [and] the court lacked jurisdiction under [42 U.S.C.] § 405(g)" to entertain it). Thus, the complaint fails to state a claim upon which relief can be granted.

## III. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss [Dkt. #12] is GRANTED. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge